(151 App. Div. 288.)

### MAHR v. VAUGHAN.

(Supreme Court, Appellate Division, Third Department. May 8, 1912.)

1. INNKEEPERS (§ 11*)—AGREEMENT TO INSURE SAFETY OF WEARING APPAREL OF GUEST.

An agreement by a boarding house keeper, made after the making of a contract of hiring of a room and payment thereon, whereby he absolutely insured the wearing apparel of the roomer, is without considera-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion; he having provided hooks and a place for the roomer to hang his clothing.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 3, 17–40; Dec. Dig. § 11.*]

2. INNKEEPERS (§ 11*)—LOSS OF WEARING APPAREL OF GUEST—NEGLIGENCE.
   A boarding house keeper is liable for the loss of goods of a boarder only where he has failed to exercise ordinary care to prevent it.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 3, 17–40; Dec. Dig. § 11.*]

Appeal from Albany County Court.

Action by Leopold Mahr against Margaret T. Vaughan. From a judgment for plaintiff, rendered by the Albany County Court, defendant appeals. Reversed, and new trial ordered.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

H. J. Crawford, for appellant.
James R. Stevens, Jr., for respondent.

BETTS, J. The defendant keeps a house for roomers on Lancaster street, a residence street in the city of Albany. On or about August 23, 1911, the plaintiff, who is a hotel waiter in Albany, applied to her for a room. The defendant showed him a room on the third floor, the price of which was $2.50 per week. The plaintiff says he made a deposit, the first day he was there, and took the room. Although he does not say directly, it would seem that he paid the first week's rent for the room, $2.50, upon that day. Practically all that was done between the plaintiff and the defendant on the first day was showing the plaintiff the room which he could have, his accepting the same, and his paying a deposit, as he calls it.

The next morning the plaintiff appeared with a suit case, and at that time he says he asked the defendant, "Where can I put my clothes?" and he testifies that the defendant said, "You can put them up in the back locker." This was a small room opening from the hall, from which plaintiff's room opened. There was no lock on it. There was a door, and some boxes in there. The plaintiff claimed that, when he was told by the defendant that he could use this locker, he asked her, "Are those clothes secure?" She said, "Mr. Mahr, I guarantee you for that." Plaintiff's room had a lock on it. Finally his trunk came, which also had a lock on it. He testifies that he put some extra clothing that he did not wear every day, of the value of $75.70, in this locker, leaving it unlocked. He claims the clothing consisted of a blue suit, a gray suit, top coat, and a tuxedo suit, and the most of them had been worn. Plaintiff testifies that he had been there perhaps two weeks, and he thought he heard a noise in the night, or dreamed that he did, and he dreamed that some one was stealing his clothes. He lighted a match and looked at his watch, but did not go out into the hall to investigate. In the morning he testifies he found his clothing that he put in the locker

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

all gone, whereupon he told the defendant of it, and went and got a police officer, who failed to find his clothing.

It appeared that another roomer, who had been there only a short time, disappeared during this night or early next morning. The clothing was never found, according to plaintiff, and he sues the defendant for the value thereof.

The defendant says that she never told plaintiff that he could use this locker; that she kept the locker for a sort of storeroom, and that her daughter kept her dresses and two hat boxes in there; that she never saw the plaintiff's clothing in that locker, or knew it was there. Her daughter testifies that she went to this room twice, at least, two Sundays, while plaintiff was there, and never saw any of his clothing there, and that she was in that locker at other times while the plaintiff was there, and never saw any of his clothing. It also appears that there were 11 hooks on the door of the plaintiff's room, on which he could hang his clothing if he desired; that there was a bureau drawer in his room; that he had a key to his room door, and had a trunk, which he could lock.

Upon this testimony the plaintiff asks a recovery here, on the ground that the defendant absolutely guaranteed or insured the safety of his clothing. The guaranty is absolutely denied by the defendant, and also any knowledge on her part or her daughter's that the plaintiff's clothing was in the locker at any time while the plaintiff roomed there. The court sent the question of the guaranty to the jury, and also the question of whether the defendant was negligent, or not, in caring for these clothes.

There was no question of negligence in the complaint, nor was any question raised on the trial of the defendant's negligence. There was no negligence proved. I think, therefore, the judgment must be reversed, for the reason that no negligence was proved.

[1, 2] I also think that the case should be reversed, on the ground that the weight of evidence is in favor of defendant's contention. There was absolutely no new consideration for this alleged guaranty. If made, it was after the agreement of hiring was entered into and the payment had been made thereon. The plaintiff's claim would make the defendant the absolute insurer of the safety of his clothing, for which no consideration whatever was paid. The defendant had provided hooks and a place for the plaintiff to hang his clothing, and there was no reason why she should give him additional room for occupancy. See Siegman v. Keeler, 4 Misc. Rep. 528, 24 N. Y. Supp. 821, which holds that a boarding house keeper is liable for the loss of goods belonging to a boarder only if he has omitted to exercise ordinary care to prevent it.

Although the question was sent to the jury as to the negligence of the defendant, it was not pleaded, and there is absolutely no proof of negligence or want of care on the part of the defendant. It would seem, if plaintiff ever had the clothing that he contends for, and that it was in the locker, that it was stolen without any fault of the defendant. I think the trial court should have granted defendant's motion for a nonsuit at close of plaintiff's case.

The judgment should therefore be reversed, and a new trial granted, with costs and disbursements to the appellant to abide the event. All concur.

